DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-31-FDW

| | |
|---|---|
| RONNIE VAN PERKINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CINDY PRESNELL, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A.

**I.     BACKGROUND**

Pro se Plaintiff Ronnie Van Perkins is a resident of Morganton, North Carolina, and was formerly incarcerated as a pre-trial detainee at the Caldwell County Detention Center until April 11, 2014. On March 18, 2014, Plaintiff filed the instant Complaint in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has named as the sole Defendant in the Complaint Cindy Presnell, identified as the head nurse at the jail. Plaintiff appears to be attempting to bring a claim against Defendant under the Eighth Amendment for deliberate indifference to a serious medical need. Plaintiff alleges that while he was incarcerated at the jail, Defendant Presnell refused to make an appointment for Plaintiff to be examined by a doctor for treatment of Plaintiff's pain related to his "huge lower hernia/tumor." (Doc. No 1-1 at 4). Plaintiff alleges that an official at the jail stated on January 21, 2014, that Plaintiff needed to be seen by a doctor. (Id. at 1). Plaintiff alleges that a doctor ordered pain medicine for Plaintiff on January 28, 2014. Plaintiff alleges

-1-

that his pain medication ran out about a month later. (Id. at 3). Plaintiff allege that he placed a sick call on March 4, 2014, and requested an order for more medications from the doctor. Plaintiff alleges that Defendant Presnell told Plaintiff that she would tell the doctor that Plaintiff was requesting more pain medicine, but that Defendant Presnell thereafter refused to make an appointment for Plaintiff to be examined by a doctor. (Id. at 3-4). Plaintiff alleges that he is "suffering [with] grossly intense pain that's unbearable at times." (Doc. No. 1 at 3). Plaintiff was released from the jail on April 11, 2014. As relief, Plaintiff states that he seeks "pain and suffering payment," as well as injunctive and declaratory relief. (Id. at 4).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In the section of the Complaint regarding exhaustion of administrative remedies, Plaintiff concedes that he did not exhaust his administrative remedies. (Doc. No. 1 at 2). Although Plaintiff has since submitted three prisoner administrative remedy statements (filed on April 16, 2014, April 21, 2014, and April 28, 2014), in which he claims to have exhausted his administrative remedies, he has not attached a grievance form to any of these

statements. See (Doc. Nos. 6; 8; 9). Plaintiff claims in the administrative remedy statement dated April 16, 2014, that he has asked Captain Edwards three times for a grievance form, but Plaintiff does not indicate that he made such request before filing this action. (Doc. No. 6 at 3). Plaintiff left blank the section of Plaintiff's original Complaint instructing Plaintiff to state why he did not exhaust his administrative remedies; thus, he did not claim that the prison impeded his right to exhaust his administrative remedies by refusing to give him a grievance form. In Plaintiff's administrative remedy statement dated April 16, 2014, he has attached a grievance form that is dated April 8, 2014, after this action was filed. (Doc. No. 8). Finally, in Plaintiff's administrative remedy statement dated April 28, 2014, he asserts that he has written "several notes to Captain Edwards to release my grievance form to the court," but he has not attached any such notes. (Doc. No. 9). Here, Plaintiff asserted in his Complaint that he had not exhausted his administrative remedies, and his subsequent administrative remedies statements do not demonstrate otherwise. In sum, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.

### IV. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) The Clerk of Court is directed to close this case.

Signed: July 31, 2014

-4-

Frank D. Whitney
Chief United States District Judge